

**null / ALL**
**Transmittal Number: 20216536**
**Date Processed: 08/09/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Erika Douglas<br>Aspen American Insurance Company<br>175 Capital Blvd<br>Ste 100<br>Rocky Hill, CT 06067-3934 |
| **Electronic copy provided to:** | Timothy Lynch<br>Kim Sliva |

| | |
|---|---|
| **Entity:** | Aspen Specialty Insurance Company<br>Entity ID Number 3721874 |
| **Entity Served:** | Aspen Specialty Insurance Company |
| **Title of Action:** | Gessner Self Storage, LP vs. Aspen Specialty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201949427 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/07/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jonathan P. Ayers<br>817-267-9009 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CAUSE NO. 201949427

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 852918  TRACKING NO: 73649960

| Plaintiff: | In The 157th |
| GESSNER SELF STORAGE L P | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| ASPEN SPECIALTY INSURANCE COMPANY | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
County of Harris

**To:    ASPEN SPECIALTY INSURANCE COMPANY (FOREIGN CORPORATION) MAY BE SERVED BY
SERVING ITS ATTORNEY OF SERVICE CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR
DISCLOSURE FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES TO DEFENDANT

This instrument was filed on July 19, 2019 in the above cited cause number and court. The instrument attached describes the
claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after
you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on July 26, 2019, under my hand and seal of said court.

*Marilyn Burgess*

Issued at the request of:

AYERS, JONATHAN PARKEY
1201  MAIN ST STE2406
DALLAS                    , TX  75202-
214-757-9009
Bar Number: 01465900

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: BRIANNA J. DENMON

08/07/19

Tracking Number: 73649960

## CAUSE NUMBER: 201949427

| | |
|---|---|
| **PLAINTIFF: GESSNER SELF STORAGE L P** | **In the 157th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: ASPEN SPECIALTY INSURANCE COMPANY** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _3:38_ o'clock _p_. M. on the _05_ day of _August_, 20_19_. Executed at

(Address)_____

in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
              Affiant                                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

7/19/2019 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35289341
By: Nelson Cuero
Filed: 7/19/2019 5:04 PM

CAUSE NO._____

| | | |
|---|---|---|
| GESSNER SELF STORAGE, LP | §<br>§ | IN THE DISTRICT COURT |
| PLAINTIFF, | §<br>§ | |
| V. | §<br>§ | _____ JUDICIAL DISTRICT |
| ASPEN SPECIALTY INSURANCE COMPANY, | §<br>§ | |
| MINICO INSURANCE AGENCY, INC., | § | |
| ASSOCIATED CLAIMS MANAGEMENT, INC., | § | |
| AND MICHAEL TODD NEVILLE, | §<br>§ | |
| DEFENDANTS. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Gessner Self Storage, L.P., ("Gessner"), and files this, its Original Petition against Aspen Specialty Insurance Company ("Aspen"), MiniCo Insurance Agency, Inc. ("MiniCo"), Associated Claims Management, Inc., ("AMC") and Michael Todd Neville ("Neville") (collectively "Defendants"), and for same, would show unto the Court as follows:

### I.    DISCOVERY

Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.    PARTIES

Plaintiff Gessner Self Storage, L.P. is a domestic corporation with its principal place of business at 3417 Milam, Houston, Texas 77002.

Defendant Aspen Specialty Insurance Company is a foreign corporation with its principal place of business at 175 Capital Blvd., Suite 300, Rocky Hill, Connecticut

06067-3914. Defendant Aspen may be served with process by service upon its Attorney for Service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin TX 78701 -3218.

Defendant MiniCo Insurance Agency, Inc. is a foreign limited liability company with its principal place of business at 2531 West Dunlap Avenue, Phoenix, Arizona 85021. Defendant MiniCo may be served with process by service upon its Registered Agent, 3H Agent Services, Inc., 8000 IH-10 West, Suite 600, San Antonio, Texas 78230.

Defendant Associated Claims Management, Inc. is a foreign corporation with its principal place of business at 16093 St. Martin Road, Oakboro, North Carolina 28129. Defendant AMS may be served with process by service upon its registered agent, Anthony W. Marks, III, 16093 St. Martin Road, Oakboro, North Carolina 2812.

Defendant Michael Todd Neville is an individual with an address of 10421 Dominion Village Drive, Charlotte, North Carolina 28269-7919. Defendant Neville may be served with process at 10421 Dominion Village Drive, Charlotte, North Carolina 28269-7919, or wherever he may be found.

### III. JURISDICTION AND VENUE

Venue is proper in Harris County, Texas, pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. The damages sought are within the jurisdictional limits of this Court.

The Court has jurisdiction over Defendants because defendants are insurance companies/adjusters that engage in the business of insurance in the State of Texas and

Plaintiff's causes of action arise out of these Defendants' business activities in the State of Texas.

## IV.    FACTS

Plaintiff Gessner is, and at all times mentioned and material to this action was, the owner in fee of certain real property commonly known as Gessner Self Storage, 10615 S. Gessner Road, Houston, Texas 77071 ("Gessner's Property").

Plaintiff would respectfully show it obtained a policy of insurance with Aspen. The insurance policy is Policy No. EGB00006-3 (the "Policy"). The Policy between Gessner and Aspen provided coverage for potential hail and wind damage for the period October 21, 2016 to October 21, 2017.

A hail and wind incident occurred on or about May 21, 2017, which damaged the roof of Gessner's Property. Plaintiff's property sustained damages as a result of this hail and wind storm. After the hail incident Gessner obtained the services of a roofing contractor to get an estimate as to the extent of the damage and cost of repair. The roofing contractor performed an inspection of the premises and determined a hail incident had occurred and there was serious damage to the roof of Gessner's Property. Subsequently, Gessner reported the hail and resulting water damage to Aspen. Aspen, through Bruce Krager, a senior claims adjuster with MiniCo, acknowledged the claim on April 12, 2018. Plaintiff asked that Aspen cover the cost of repairs to Gessner's Property pursuant to the Policy.

Gessner obtained the services of a public adjuster, My-Adjuster, LLC ("My-Adjuster"). Representatives of My-Adjuster communicated concerning the claim with adjusters, agents, and supervisors for Aspen, including Defendants ACM, MiniCo and

Neville. It was represented the claim would be properly adjusted.

An inspection of Gessner's Property and its roof was performed by agents of Aspen on April 16, 2018, including Unified Building Sciences & Engineering, Inc. ("UBSE"). Further, UBSE inspected the Gessner property on May 17, 2018. At that time, it was understood by Plaintiff that Aspen determined indications of hail and wind damage to the roof existed.

However, Aspen denied Gessner's claim.

Based on information and belief, ACM was the authorized representative for MiniCo, relative to the above loss. Based on information and belief, MiniCo is the program administrator for Aspen for Gessner. Aspen, ACM and MiniCo all were informed of the damage to the roof and the need to replace shingles, siding and doors. Upon information and belief, MiniCo communicated with letters to the insured dated June 27, 2018, and e-mail messages dated August 29, 2018, September 25, 2018, and September 26, 2018, with respect to the claim. A repair estimate was submitted by the public adjuster at My Adjuster, LLC on August 29, 2018, which included the cost for replacement of all shingle roof surfaces, replacement of siding, and replacement of 126 doors on the property. This estimate was for damage directly as a result of hail on the date of loss of May 21, 2017.

Subsequent to receiving this information from the public adjuster, ACM contracted with UBSE and asked that entity to address the damage as outlined by the public adjuster's estimate dated August 11, 2018. Thereafter, UBSE made several inspections at which time the damage by hail and the extent of hail damage should have been evident.

**PLAINTIFFS' ORIGINAL PETITION** Page 4

Thereafter, according to ACM, a report was received by ACM from the engineer at UBSE. The engineer's reports contain contradictory information and, although it was noted that there was damage to the shingle roofs, the conclusion was the shingles were not damaged by hail. The reports, nevertheless, indicate that there was granular loss to the roof shingles, but the report opines such loss did not diminish the protective characteristics of the roofing surfaces. The report concludes the roofs were old, and such granular loss did not impact the life of the roof. A subsequent report was prepared by the engineer dated September 26, 2018. That report contradicts itself and the other report by stating there was no hail-impact related damage or distress to the overhead doors, but there had been potential hail storms in the past and the engineer attempts to date hail splatter marks on the property. As a consequence, the engineering firm initially stated that there was no hail damage at all, but then subsequently stated that prior hail storms in the past had created the hail indentations observed on the metal panels as well as the gutters of the office building or alternatively, the damage did not affect the life of the roof. In other words, the engineer was using an outcome-oriented investigation in an attempt to determine that there was either no hail damage, the hail damage was old, or the hail did not result in damage other than cosmetic issues. As a result of this contradictory, self-serving, and outcome-oriented investigation by the engineering firm, Aspen on October 16, 2018, denied the claim, claiming application of ACV and/or cosmetic damage from the hail/wind endorsement, and claiming that although the carrier was able to perform an inspection, that the inspection took place too long after the occurrence of the storm in question. This theory was proposed that there had not been timely reporting even though Aspen had been able to perform

multiple inspections, have an engineer perform multiple inspections, reach conclusions, and in no shape, form or fashion indicate any form of prejudice.

As a consequence, both ACM, as the authorized representative of MiniCo, which is the program manager for Aspen, performed an outcome-oriented investigation claiming to rely on a biased and contradictory engineering analysis solely for the purpose of denying this claim. ACM, as the authorized representative of MiniCo Insurance Agency, by and through its employee Mike Neville, made representations to the insured as to the conditions following the loss, the issue of whether there was coverage, the application of the policy provisions, and wrongfully denied the claim.

As detailed in the above paragraphs, Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, did not properly pay Plaintiff's claim and did not provide full coverage for the damages sustained by the Plaintiff. Additionally, Aspen continues to delay the payment of the damages to Gessner's Property. As such, Plaintiff has not been paid for its damages to its property.

Defendant Aspen, by and through its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a breach of the insurance contract between Aspen and Plaintiff.

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, misrepresented to Plaintiff that the damage to Gessner's Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a violation of the Texas Insurance Code, unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

Defendant, Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, failed to explain to Plaintiff the reasons for their denial of Plaintiff's claim. Specifically, Defendant, Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant, Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, is a violation of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code

§541.060(a)(3).

Defendant, Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant, Aspen. Defendant Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Aspen failed to conduct a reasonable investigation. Specifically, Defendant, Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, performed an outcome-orientated investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of plaintiff's losses on the property. Defendant, Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and

Neville, constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendant Aspen and its agents and adjusters, specifically Defendants Defendants ACM, MiniCo and Neville, failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date. Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From and after the time Plaintiff's claim was presented to Defendant Aspen and its agents and adjusters, the liability of Aspen to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Aspen and its agents and adjusters' conduct, specifically the conduct of Defendants ACM, MiniCo and Neville, constitutes a breach of the common law of good faith and fair dealing.

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

As a result of Defendant Aspen and its agents and adjusters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

As a result of the foregoing conduct, Plaintiff would respectfully show as follows:

## V. CAUSES OF ACTION

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, are liable to Plaintiff for fraud, intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional beach of good faith and fair dealing.

### A. FRAUD

Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, are liable to Plaintiff for common law fraud.

Each end every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and in which Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

The statements were made with the intention that they should be acted upon by

Plaintiff, who in turn acted in reliance upon the statements there causing Plaintiff to suffer injury and constituting common law fraud.

## B. BREACH OF CONTRACT

Defendant Aspen has committed acts which constitute a breach of the insurance contract made between Aspen and Plaintiff.

Defendant Aspen's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Aspen's insurance contract with Plaintiff.

## C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Defendant Aspen and its agents and adjusters' conduct, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code §541.060(A). All violation under this article are made actionable by Tex. Ins. Code §541.151.

Defendant Aspen and its agents and adjusters' unfair settlement practice, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

Defendant Aspen and its agents and adjusters' unfair settlement practice, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope

of his employment with ACM, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Aspen's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

Defendant Aspen and its agents and adjusters' unfair settlement practice, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

Defendant Aspen and its agents and adjusters' unfair settlement practice, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

Defendant Aspen and its agents and adjusters' unfair settlement practice, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, as described above, of refusing to pay Plaintiffs claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

Tex. Ins. Code §541.060(7).

## D. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

Defendant Aspen and its agents and adjusters' conduct, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article ere made actionable by Tex. Ins. Code §542.060.

Defendant Aspen and its agents and adjusters' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

Defendant Aspen and its agents and adjusters' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

Defendant Aspen and its agents and adjusters' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM,

as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

## E. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Defendant Aspen and its agents and adjusters' conduct, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendant Aspen and its agents and adjusters' failure, specifically that of Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Defendant Aspen and its agents and adjusters, specifically Defendants ACM, MiniCo and Neville acting in the course and scope of his employment with ACM, knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## F. VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES/CONSUMER PROTECTION ACT

Based on the facts previously set forth, Defendants have committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act, ("DTPA"). The DTPA, Sections 17.46, *et seq*. of the Texas Business and Commerce Code, provides additional protection to consumers who are victim of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation and attorneys' fees. Defendants' conduct in engaging in such acts or practices results in actual and consequential damages to Plaintiff, and supports an award for treble damages.

**PLAINTIFFS' ORIGINAL PETITION**

Plaintiff would respectfully show it is entitled to actual damages resulting from these violations of the law. These damages include the sums the Defendants have wrongfully refused to pay and any consequential damages to Plaintiffs' economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of these claims. Plaintiffs are also entitled to recovery of treble damages for "knowing" violations.

In addition, Plaintiff is entitled to recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### G. KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by this hail storm rendered Gessner's Property significantly damaged. These damages have not been properly addressed or repaired in the months since the storm causing further damages to Gessner's Property and causing undue hardship and burden to the Plaintiff. These damages are a direct result of Defendant Aspen and its agents and adjusters' mishandling of Plaintiff's claim in violation of the law set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain,

which is the amount of its claim together with attorney's fees. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff request for three times its actual damages. Tex. Ins. Code §541.152. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

For beach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurance breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

Additionally, for breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Aspen's conduct in hindering the reconstruction of Gessner's Property. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

**PLAINTIFFS' ORIGINAL PETITION**
Page 16

For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

For breach of the Texas Deceptive Trade Practices Act. Plaintiff is entitled to recover from Defendants actual damages, statutory damages, exemplary damages along with attorneys' fees. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## VII.   ATTORNEYS' FEES

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.   REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure 194, Defendants are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

## IX.   JURY DEMAND

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants be cited to answer and appear and after final trial, Plaintiff has judgment against the Defendants in an amount in excess of the minimal jurisdiction limits of the Court to reimburse it the cost of repairs of the Gessner's Property, diminution in value of the Gessner's Property, lost profits, loss of use, and other consequential damages, punitive or exemplary damages, plus pre-judgment and post-judgment interest at the legal rate until paid, attorneys' fees and costs, costs of Court, and for all other relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**AYERS & AYERS**

By: _/s/ Jonathan P. Ayers_
JONATHAN P. AYERS
State Bar No. 01465900
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
jayers@ayersfirm.com
(817) 267-9009
(817) 318-0663 (FAX)

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO._____

| | | |
|---|---|---|
| GESSNER SELF STORAGE, LP | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| ASPEN SPECIALTY INSURANCE COMPANY, | § | |
| MINICO INSURANCE AGENCY, INC., | § | |
| ASSOCIATED CLAIMS MANAGEMENT, INC., | § | |
| AND MICHAEL TODD NEVILLE, | § | |
| | § | |
| DEFENDANTS. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ASPEN SPECIALTY INSURANCE COMPANY

TO:   Defendant Aspen Specialty Insurance Company, who may be served with this discovery request, together with process by service upon its attorney for service Corporation Service Company, 211 E. 7th Street, Suite 620, Austin TX 78701-3218.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff's First Request for Production to Defendant Aspen Specialty Insurance Company is hereby served on you in due time, manner and form. Said discovery is to be answered in accordance with the procedures and requirements set forth in the Texas Rules of Civil Procedure.

### INSTRUCTIONS

1.    The responding party's response to this request for discovery is due, in writing, within sixty (60) days after service hereof and should be delivered to the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034, in an appropriate manner as provided for under the Texas Rules of Civil Procedure and within the time stated above.

2.    Answer each request for production of documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number. Said documents should be produced at the offices of the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034.

3.    For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

For the purposes of responding to this discovery request, the following words and phrases shall have the following meanings, unless the context requires otherwise.

"Plaintiff" or "Gessner" refers to the party propounding this discovery, GESSNER SELF STORAGE, LP.

"You," "your," "Defendant," "Carrier," or "Aspen" refers to the parties to whom this discovery request is propounded, ASPEN SPECIALTY INSURANCE COMPANY.

The "claim" refers to the claim for personal property repair/replacement which has been described in Plaintiff's latest petition herein on file.

The "Policy" means the insurance Policy Number EGB00006-3 which was issued by or on behalf of the Carrier which was in place and effect for Plaintiff on the date of

REQUEST FOR PRODUCTION TO DEFENDANT ASPEN SPECIALTY INSURANCE COMPANY                    PAGE 2

the Claim, and includes all declaration pages, information pages, renewals, addendums and any other amendatory or defining documents which have been made a party of and/or which otherwise complete said policy.

"Document" means all written, typed, or printed matters, and all magnetic, electronic, digital or other, recordings or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape records, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and a" compilations of data from which information can be obtained, and any and all writing or records of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

"Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

"File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held

or stored in folders, notebooks, or other devices for separating or organizing documents.

"Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

"Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

"Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

"Identify" or "describe," when referring to a document, means you must state the following:

     a. The nature (e.g., letter, handwritten note) of the document.
     b. The title or heading that appears on the document.
     c. The date of the document and the date of each addendum, supplement, or other addition or change.
     d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
     e. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Defendant's file for Gessner's claim for hail damage beginning with the initial claim until the date of filing of this lawsuit.

RESPONSE:

2.     Any documents, reports, or memoranda relied upon in making the decision to deny any portion of Gessner's claim for hail damage as of the date of denial.

RESPONSE:


3.     Any documents, reports or memoranda reviewed in evaluating Gessner's claim for hail damage from the date of the claim until the date of filing of this lawsuit.

RESPONSE:


4.     A certified copy of the insurance policy affording Gessner coverage for its hail damage claim.

RESPONSE:


5.     Copies of all petitions and complaints filed in any lawsuits in the past five (5) years to which Aspen was a party in any capacity relating to disputes involving allegations of "bad faith," deceptive trade practices, unconscionable actions, unfair practices in the business of insurance, violations of the Texas Insurance Code, breach

of duty of good faith and fair dealing, any violation of any statute, rule, or regulation regarding the business of insurance, or any similar claim.

RESPONSE:

6.     Any summary(ies) maintained by Aspen, or on its behalf that calculate, evaluate or report the number of claims, the number of claims accepted without contest, the number of claims accepted after contest and/or the number of disputed claims paid after order of a court or regulatory agency.

RESPONSE:

7.     The written procedures or policies (including document(s) maintained in electronic form) presented to you and maintained for Aspen's employees, agents, or adjusters to use from the time of denial to the present in the review and handling of claims for property insurance benefits.

RESPONSE:

8.     Documents, photographs, statements, sketches, or plans generated during the course of the investigation of the Gessner's claim for hail damage through the date of filing of this lawsuit. This request specifically includes all videotapes, photographs and records of Plaintiff or Plaintiff's property regardless of whether you intend to offer these items into evidence at trial.

RESPONSE:

9.     Any report maintained by you of the total and average claim cost; median claim cost; number of claims; and number of denials in Texas by Aspen for 2013 through 2018.

RESPONSE:

10.     All investigation reports and related documents prepared by you, at your direction, or on your behalf, prior to the filing of this lawsuit which related to or concerning Gessner's claim for hail damage.

RESPONSE:

11.     All charts, tables, document summaries, blow-ups, models, scale reproductions, multi-dimensional physical representations and/or any other visual aids prepared by you or on your behalf for use in this lawsuit before the jury either at trial or at deposition.

RESPONSE:

12.     All documents identified in your answers to the interrogatories propounded by Plaintiff unless provided as attachments to your interrogatory answers.

RESPONSE:

13.     All photographs, videos or other film or digital media of Plaintiff's property.

RESPONSE:

14.     All photographs, videos or other film or digital media of the area surrounding the property made the basis of this lawsuit.

RESPONSE:

15.     All other photographs, videos or other film or digital media concerning or depicting any other person, item or matter related to the subject matter of this lawsuit.

RESPONSE:

16.     All written or recorded statements of Plaintiff or its employee, agents or representatives taken in connection with Plaintiff's claim for hail damage.

RESPONSE:

17.     All written reports of inspection, tests, writing, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness, (if the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that you advise Plaintiff accordingly and reduce such material to a tangible form).

RESPONSE:

18.     A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

RESPONSE:

19.     Any and all documents or other tangible items obtained by you or on your behalf in this cause by way of business records affidavit or deposition on written questions together with copies of any and all such affidavits and/or written depositions.

RESPONSE:

20.     Any investigation report or document in your possession or control or to which you have access created by any independent adjuster or investigator concerning Gessner's claim for hail damage.

RESPONSE:

21.    All claims-handling manuals, inserts and supplements which have been provided by you to your agents, employees or representative during the last five years regarding how Texas property damage claims are to be adjusted, denied, investigated, reported, serviced or otherwise handled.

RESPONSE:

22.    Any index of claims-handling bulletins, memos, or other documents which have been provided by you to your agents, employees or representatives during the last five years regarding how Texas property damage claims are to be adjusted, denied, investigated, reported, services or otherwise handled.

RESPONSE:

23.    All brochures, summary descriptions, memorandums and/or other such documents describing continuing education seminars, offered or sponsored by you (i.e., in-house seminars); regarding insurance bad faith, avoiding claims handling practices claims and/or regarding how Texas property damage claims are to be adjusted, denied, investigated, reported, serviced or otherwise handled that you have offered to your agents, employees or representatives during the last five years.

RESPONSE:

24.     All brochures, summary descriptions, memorandums and/or other such documents describing continuing education seminars, offered or sponsored by someone other than you, regarding insurance bad faith, avoiding claims handling practices claims and/or regarding how Texas property damage claims are to be adjusted, denied, investigated, reported, serviced or otherwise handled that you have offered to your agents, employees or representatives during the last five years.

RESPONSE:

25.     Any record showing the training courses or courses of instruction given by you to any of your direct employees that participated in the investigation and/or handling of Gessner's claim for hail damage.

RESPONSE:

26.     The personnel files of all persons directly employed by you who participated in any way in the handling and/or denial of any aspect of Gessner's claim for hail damage.

RESPONSE:

27.     Any accident, coverage or investigation letter, memo, report or other such document concerning Gessner's claim for hail damage, which was created, circulated, generated, sent, reviewed and/or received by you before the date this suit was filed.

RESPONSE:

28.     Any complaints which have been filed by or with any other state or federal agency concerning you or any of your agents, adjusters, employees or other legal representatives during the past five (5) years complaining that you or any of them violated any state or federal law, owe rule and/or the duty of good faith and fair dealing, or otherwise committed or engaged in any deceptive, fraudulent, misleading, or unfair claims handling or insurance business practices involving a Texas property damage claim.

RESPONSE:

29. Complete, true and accurate profit and loss statements or other verifiable accounting documents which show your net worth for the year in which Gessner's claim for hail damage is alleged to have occurred and for each full year since that date.

RESPONSE:

30. All diaries, file activity sheets, claim notes, or other such documents created, kept or maintained by you and/or your agents, employees or representatives regarding Gessner's claim for hail damage through the date this suit was filed.

RESPONSE:

31. Any and all servicing and/or claims handling instructions which were in effect at any time since January 1, 2010, between you and any other party involved with the handling or adjuster of Gessner's claim for hail damage.

RESPONSE:

REQUEST FOR PRODUCTION TO DEFENDANT ASPEN SPECIALTY INSURANCE COMPANY          PAGE 14

32. All notices or complaints filed with the Texas Department of Insurance (TDI) regarding you and/or your agents, employees or representatives received by them or you in the last five years from TDI pursuant to Sec. 521.055 of the Texas Insurance Code.

RESPONSE:

33. The "complete record of all complaints which you have received during the preceding three years" which you are required to maintain under the Texas Administrative Code.

RESPONSE:

34. Documents reflecting amount billed and payment of attorney's fees by you in connection with the handling of this cause.

RESPONSE:

35. Any and all diary entries, estimates, evaluations, reviews, notices, updates, reports, worksheets or other such documents which concern, describe or

otherwise refer to any reserve amounts that were set in or assigned to the Gessner's claim for hail damage at any time prior to the date of filing of this lawsuit.

RESPONSE:

36. Any and all lists, memorandums, claims directive, bulletins, notices, practice guidelines or other such documents that were provided to you which identify professional engineers that are available to their adjusters, employees, or vendors for purposes of requesting engineering reports.

RESPONSE:

37. Any and all "best practices' guidelines or other such documents that you provide or that were provided to you advising you of the "preferred" or "best" practices of procedures to use when adjusting or handling property damage claims.

RESPONSE:

38. Your underwriting file pertaining to Gessner.

RESPONSE:

39.     Any weather information that would indicate the instances of hail at the location of Gessner's Property.

RESPONSE:

40.     Your contract with MiniCo Insurance Agency, Inc.

RESPONSE:

41.     Your contract with Associated Claims Management, Inc.

RESPONSE:

42.     Any communication concerning Gessner with Michael Neville.

RESPONSE:

43.     Any communication concerning Gessner with Bruce Krager.

RESPONSE:

44.     Any documents reflecting the number of times you have hired any expert that was used in this matter.

RESPONSE:

Respectfully submitted,

AYERS & AYERS

By: /s/ Jonathan P. Ayers
        Jonathan P. Ayers
        State Bar No. 01465900
        jayers@ayersfirm.com
        4205 Gateway Drive, Suite 100
        Colleyville, Texas 76034
        (817) 267-9009 – Phone
        (817) 318-0663 – Facsimile

        **COUNSEL FOR PLAINTIFF**

CAUSE NO._____

| | | |
|---|---|---|
| GESSNER SELF STORAGE, LP | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ASPEN SPECIALTY INSURANCE COMPANY, | § | |
| MINICO INSURANCE AGENCY, INC., | § | |
| ASSOCIATED CLAIMS MANAGEMENT, INC., | § | |
| AND MICHAEL TODD NEVILLE, | § | |
| | § | |
| DEFENDANTS. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ASPEN SPECIALTY INSURANCE COMPANY

TO:   Defendant Aspen Specialty Insurance Company, who may be served with this discovery request, together with process by service upon its attorney for service Corporation Service Company, 211 E. 7th Street, Suite 620, Austin TX 78701-3218.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff's First Set of Interrogatories to Defendant Aspen Specialty Insurance Company are hereby served on you in due time, manner and form. Said discovery is to be answered in accordance with the procedures and requirements set forth in the Texas Rules of Civil Procedure.

### INSTRUCTIONS

1.   The responding party's response to this request for discovery is due, in writing, within sixty (60) days after service hereof and should be delivered to the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034, in an appropriate manner as provided for under the Texas Rules of Civil Procedure and within the time stated above.

2.    Answer each request for production of documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number. Said documents should be produced at the offices of the undersigned attorney, at 4205 Gateway Drive, Suite 100, Colleyville, Texas 76034.

3.    For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

For the purposes of responding to this discovery request, the following words and phrases shall have the following meanings, unless the context requires otherwise.

"Plaintiff" or "Gessner" refers to the party propounding this discovery, GESSNER SELF STORAGE, LP.

"You," "your," "Defendant," "Carrier," or "Aspen" refers to the parties to whom this discovery request is propounded, ASPEN SPECIALTY INSURANCE COMPANY.

The "claim" refers to the claim for personal property repair/replacement which has been described in Plaintiff's latest petition herein on file.

The "Policy" means the insurance Policy Number EGB00006-3 which was issued by or on behalf of the Carrier which was in place and effect for Plaintiff on the date of

the Claim, and includes all declaration pages, information pages, renewals, addendums and any other amendatory or defining documents which have been made a party of and/or which otherwise complete said policy.

"Document" means all written, typed, or printed matters, and all magnetic, electronic, digital or other, recordings or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape records, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and a" compilations of data from which information can be obtained, and any and all writing or records of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

"Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

"File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held

or stored in folders, notebooks, or other devices for separating or organizing documents.

"Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

"Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

"Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

"Identify" or "describe," when referring to a document, means you must state the following:

    a. The nature (e.g., letter, handwritten note) of the document.
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## INTERROGATORIES

1.    Please state the full name, place of incorporation, location of your principle

place of business, and the nature and duration of the business of Defendant Aspen.

ANSWER:

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT ASPEN SPECIALTY INSURANCE COMPANY          PAGE 4

2.     Please state when, how and from whom you first learned about the hail damage claim made by Plaintiff.

ANSWER:

3.     Please identify (by actor, date, general description of steps or actions, taken, information learned or obtained and source of said information) all steps or actions taken by Aspen in conducting its investigation, if any, of Plaintiff's claim for hail damage from the time Aspen first became aware of the claim and continuing through the date of the filing of this lawsuit.

ANSWER:

4.     Please identify every person interviewed as a part of the investigation, if any, of Plaintiff's claim for hail damage and include in your answer who conducted the interview, the date of the interview, whether the statement was recorded and/or reduced to writing, and a summary of the information supplied by said person (or in lieu of said summary, attach a copy of the written or recorded statement to your interrogatory answers).

ANSWER:

5.     Please identify every document or report reviewed as part of Aspen's investigation of Plaintiff's claim for hail damage and include in your answer the date, source and author of said document; the date on which the document was first "received" by you, (and if different, the date on which it was first "reviewed" by you); whether a copy of the document was kept by you, and if so, state where the document is being kept and identity of the person who currently has custody, control or possession of same; and provide a brief summary of the information contained in the document (or in lieu of said summary, attach a copy of the document to your interrogatory answers).

ANSWER:

6.     State the total amount of attorney's fees incurred by this Defendant in this cause, including in your answer the hours worked, hourly rate charged, and expenses associated with representation in this cause.

ANSWER:

7.      Please identify each person employed by Aspen (including agents, attorneys, or representatives), or individuals who were responsible for the decision to deny Plaintiff's claim for hail damage.

ANSWER:

8.      Please identify each person employed by Aspen (including agents, attorneys or representatives), who participated in the investigation of the claims, defenses or issues involved in Plaintiff's claim for hail damage, including a brief description of the date involved and type of involvement of each person identified.

ANSWER:

9.      What reason(s), if any, does Aspen have for refusing to pay Plaintiff's claim for hail damage.

ANSWER:

10.     Please identify the substantially similar claims filed in the last five (5) years in the State of Texas in any court. "Substantially similar claims" means claims made that

you violated the Insurance Code, DTPA, or acted in violation of your duty of "good faith and fair dealing" in your handling of a claim for workers' compensation benefits. You may provide a copy of the Original Petition or Complaint in lieu of further identification of the action.

ANSWER:

11. Please identify the person(s) employed by Aspen with the most knowledge of the number of hail damage claims presented to Aspen in the last five (5) years, the number of claims accepted without contest, the number of claims accepted after contest and the number of disputed claims paid after order of a court or regulatory agency.

ANSWER:

12. Identify any weather events, including date and time, that Aspen claims is the cause of the damage to Plaintiff's property.

. ANSWER:

13.     What is the practices and procedures that Aspen follows in evaluating a hail damage cause of this type.

ANSWER:


14.     Were such practices and procedures followed in this case, and if not, why not?

ANSWER:


Respectfully submitted,

AYERS & AYERS


By: /s/ Jonathan P. Ayers
Jonathan P. Ayers
State Bar No. 01465900
jayers@ayersfirm.com
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009 – Phone
(817) 318-0663 – Facsimile

**COUNSEL FOR PLAINTIFF**